## Case No. 988.

### BARKER v. DALE et al.

[17 Pittsb. Leg. J. 19; 3 Pittsb. Rep. 190; 8 Morr. Min. Rights, 597.]

Circuit Court, W. D. Pennsylvania. 1869.

MINING LEASE—FAILURE TO COMMENCE OPERATIONS.

[1. A mining lease "for the sole and only purpose of mining and excavating for petroleum, coal," etc., vests in the lessee a corporeal interest in the premises demised, to recover which he may maintain an action of ejectment.]

[2. A clause in a lease of lands for mining purposes that the lessee "shall commence operations by" a specified date is not a condition the non-performance of which determines the lessee's rights, or works a forfeiture of his interest under the lease.]

[See Price v. Nicholas, Case No. 11,415.]

[3. The time fixed in a mining lease within which the lessee must commence operations is of the essence of the contract, so far as to enable the lessor, after its expiration, to maintain an action against the lessee for the non-performance of his stipulation, but not so as to divest his interest under the lease.]

[4. A lease of land "for the sole and only purpose of mining and excavating for petroleum, coal," etc., subject to the lessor's "use of the same for the purpose of tillage," confers on the lessee the exclusive right of mining on the land for the substances and minerals specified.]

[At law. Action of ejectment by Barker against Dale.] On the 8th day of December, 1865, Alanson Clark leased to the plaintiff the land in dispute by written lease "for the sole and only purpose of mining and excavating for petroleum, coal, rock or carbon oil, or other valuable mineral and volatile substances; * * * to have and to hold the said premises for the said purposes only, unto the said Barker, his heirs, executors, administrators and assigns, for 25 years ensuing the said lease," for which Barker was to deliver to Clark "one half the oil, etc., found;" the said Barker "to commence operations by the first of April, 1866." The lessor warranted the title. Barker never took possession of or commenced to work on the land under the lease. Sometime after this, Clark leased one acre of the said land to Dale, the defendant, who obtained a large producing well, upon learning which Barker brought this suit in ejectment for the land. These facts were in substance conceded. The defendant requested the court to charge the jury in answer to the five following points.

C. B. Curtis, for plaintiff.
Geo. H. Cutler, for defendants.

McKENNAN, Circuit Judge, answered the points as follows:

1st. The right acquired by plaintiff under the agreement of December 8th, 1868, in the premises therein described, was an incorporeal right only, and upon such right ejectment will not lie, and therefore the plaintiff cannot recover.

Answer by the Court.—The first prayer is refused. We are of the opinion that by the lease, dated December 8th, 1865, a corporeal interest in the business therein described was vested in the plaintiff, which is the proper subject of an action of ejectment.

2nd. That the clause in the agreement that the plaintiff was to commence operations by the first day of April, 1866, is a condition subsequent, and his failure to perform this condition determined his right under the agreement, and hence he cannot recover.

Answer by the Court.—This prayer is also refused. The clause by which the plaintiff was to commence operations by the first day of April, 1866, is not a condition, the non-performance of which determined the plaintiff's rights, or worked a forfeiture of his interest under the lease.

3rd. The time mentioned in the agreement within which the plaintiff was to commence operations was of the essence of the contract, and the plaintiff not having commenced operations within that time, he cannot recover.

Answer by the Court.—The time fixed in the lease within which the plaintiff was to commence operations is of the essence of the contract, so far as to enable the lessor, after its expiration, to maintain an action against the plaintiff for the non-performance of his

stipulation, but not so as to divest his interest under the lease.

4th. The agreement in question did not give the plaintiff any exclusive right of mining and excavating for petroleum on said premises, and hence the plaintiff cannot recover.

Answer by the Court.—This prayer is refused. The lease grants to the plaintiff, for a determinate term, the premises in dispute, for the purposes therein stated, subject to lessor's "use of the same for the purpose of tillage;" and this is exclusive of any right of the lessor to mine or excavate within their defined limits, for petroleum, coal, rock oil, carbon oil, or other mineral or volatile substances.

5th. If the jury believe from the evidence, that prior to the lease of September 14th, 1868, to West and another, the plaintiff had abandoned all his rights under the agreement, and all intention of mining or excavating for oil, etc., on the premises therein described, then he cannot recover.

Answer by the Court.—This prayer is allowed. The jury must be satisfied by the evidence that the plaintiff intended to surrender his lease, and to abandon altogether the commencement or prosecution of mining or excavating operations, and that his acts touching such alleged abandonment were perpetrated with such intention.

The jury, after a few minutes' consultation, returned a verdict for the plaintiff, with nominal damages and costs.